NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY SEDA,**

*Petitioner*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**

*Respondent*

---

2025-1745

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0451-I-1.

---

## ON MOTION

---

Before LOURIE, PROST, and CHEN, *Circuit Judges.*

PER CURIAM.

### O R D E R

Because Anthony Seda indicated that he raised claims of discrimination before the Merit Systems Protection Board, this court directed the parties to show cause why the case should not be transferred or dismissed.  In response, the Social Security Administration ("SSA") urges dismissal.  Anthony Seda moves to transfer.

Since 2006, Mr. Seda has filed several unsuccessful civil and administrative actions challenging his removal from SSA during his probationary period.  In 2017, Mr. Seda filed the present matter at the Board.  On June 15, 2023, the Board issued its final decision determining that he was collaterally estopped from disputing he lacked appeal rights and relitigating his termination, retaliation, and whistleblower arguments based on his prior cases.  On May 2, 2025, Mr. Seda filed this petition for review.

District courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2)—i.e., mixed cases that involve (1) a non-frivolous allegation of "an action which the employee. . . may appeal to the" Board and (2) "that a basis for the action was [covered] discrimination." 5 U.S.C. § 7702(a)(1); *see Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 431 (2017).  Pursuant to 28 U.S.C. § 1631, we may transfer this case to a district court where it could have been brought if it is in the interest of justice.

Here, we need not definitively resolve whether Mr. Seda brings a "[c]ase[] of discrimination" because regardless of the answer to that question we would dismiss.  Ordinarily, a petitioner must file an action or appeal from the Board within 30 or 60 days from the date the Board issued notice of its decision depending on whether review is sought before this court or a federal district court.  *See* 5 U.S.C. § 7703(b)(1)–(2).  Here, Mr. Seda filed his petition more than 600 days after the Board's final decision.

Even assuming equitable tolling could be applicable,[1] Mr. Seda has failed to provide any basis on which this court

---

[1]    "While the timing requirement of 5 U.S.C. § 7703(b)(1) is 'non-jurisdictional,' it remains an open question [in this court] if the timing requirement is subject to

could conclude that he has been "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Under such circumstances, we conclude that this appeal is untimely, and we therefore dismiss the petition.

Accordingly,

IT IS ORDERED THAT:

(1)  Mr. Seda's motion to transfer is denied.

(2)  This case is dismissed.

(3)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

September 25, 2025
        Date

---

equitable tolling." *Graham v. Dep't of Justice*, No. 2025-1102, 2025 WL 1649092, at \*2 (Fed. Cir. June 11, 2025) (quoting *Harrow v. Dep't of Def.*, 601 U.S. 480, 489–90 (2024)).